UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| PHILLIP B. HAUSKEN, | | |
| | Plaintiff, | Case No. C13-0894-RSM-MAT |
| v. | | REPORT AND RECOMMENDATION |
| VERN LA FRENIERE, | | |
| | Defendant. | |

Plaintiff Phillip Hausken is currently confined at the Monroe Correctional Complex – Special Offender Unit (MCC-SOU). On May 21, 2013, he submitted to this Court for filing a civil rights complaint under 42 U.S.C. § 1983 in which he alleged that he had been given tainted medication as a part of an involuntary anti-psychotic medication regimen at MCC-SOU. Plaintiff identified as the lone defendant in this action MCC-SOU employee Vern La Freniere, who apparently prescribed the medication at issue.[1] Plaintiff requested injunctive relief and damages.

---

[1] Plaintiff identified Mr. La Freniere as an advanced registered nurse practitioner (ARNP) in his original complaint, but refers to him as a doctor in his recently filed amended complaint.

REPORT AND RECOMMENDATION
PAGE - 1

01  On August 16, 2013, after reviewing plaintiff's complaint and his application to proceed

02 with this action *in forma pauperis*, this Court issued an Order granting plaintiff leave to proceed

03 *in forma pauperis* and the complaint was filed.  (Dkt. Nos. 7, 10 and 11.)  On the same date,

04 this Court issued an Order declining to serve plaintiff's complaint and granting him leave to

05 amend his complaint to correct certain specified deficiencies.  (Dkt. No. 12.)  The Court noted

06 in its Order that plaintiff's claim appeared to implicate his rights under the Eighth Amendment.

07 (*Id*. at 2.)  The Court then set forth the standard which must be met in order to state a claim

08 under the Eighth Amendment and explained that the facts alleged by plaintiff in his complaint

09 failed to meet that standard.  (*Id*. at 2-3.)  Specifically, the Court noted that the facts alleged

10 by plaintiff did not demonstrate that he had suffered any harm as a result of being forced to take

11 the medication which he believed to be tainted nor did they demonstrate that the defendant had

12 been deliberately indifferent to any of his medical needs.  (*Id*.)

13  On August 26, 2013, plaintiff presented an amended complaint to the Court for filing.[2]

14 (Dkt. No. 15.)  A review of the amended complaint reveals that it contains essentially the same

15 deficiencies as plaintiff's original complaint.  Plaintiff asserts in his amended complaint that

16 he was ordered by defendant to take contaminated anti-psychotic medication.  (*Id*. at 6.)  He

17 explains that anti-psychotic medication brought to him on the "med cart" in mid-July was light

18 brown in color rather than the pure white color he was familiar with.  (*Id*.)  Plaintiff states that

19 he "cheeked" some of the capsules and tried to send them out to a laboratory for testing because

---

[2] Plaintiff submitted in conjunction with his amended complaint a motion for leave to amend. (Dkt. No. 14.) Plaintiff states therein that he has not had enough time to file his "brief" but he fails to make clear what type of "brief" he intends to file. (*Id*.) As plaintiff has submitted a timely amended complaint, albeit a deficient one, and as the Court has not invited any additional submissions from plaintiff, plaintiff's motion to amend appears to be moot and is therefore STRICKEN.

REPORT AND RECOMMENDATION
PAGE - 2

he was suspicious that the dark color of the medication indicated it had been smuggled into the United States in someone's body cavity. (Dkt. No. 15 at 6.)

According to plaintiff, he alerted defendant to the potential danger of the medication and defendant responded that "he didn't care if it had ground up rats in it." (*Id*.) Plaintiff asserts that defendant's response to his concerns regarding the medication shows "gross indifference." (*Id*.) Plaintiff indicates that he is now waiting to send the medication out to a laboratory for testing so he can establish that the medication is contaminated and thereby prove that defendant gave out tainted medication. (*Id*.) Plaintiff also indicates in his amended complaint that he did not actually take any of the allegedly tainted medication. (*Id*.) He requests relief in the form of monetary damages. (*Id*. at 7.)

Once again, the facts alleged by plaintiff do not demonstrate that he suffered any harm as a result of being forced to take tainted medication nor do they demonstrate that defendant has been deliberately indifferent to plaintiff's serious medical needs. Plaintiff's claim that the medication he was given was tainted is mere speculation based on the appearance of the pills. And, the fact that defendant did not share plaintiff's concern that the pills were tainted does not, by itself, demonstrate deliberate indifference to a serious medical need.

When a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(e)(2)(B). As plaintiff has not adequately alleged a cause of action under the Eighth Amendment against defendant La Franiere, this Court recommends that plaintiff's amended complaint, and this action, be dismissed, without prejudice, pursuant to § 1915(e)(2)(B). A

01 proposed Order accompanies this Report and Recommendation.

02     DATED this 5th day of September, 2013.

                                    /s/ Mary Alice Theiler
                                    Mary Alice Theiler
                                    Chief United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4